NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HERIBERTO ANTONIO MENDOZA-MENJIVAR; et al., | No. 23-494 |
| Petitioners, | Agency Nos. A202-028-664 A212-948-633 A212-948-634 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 12, 2023**

Before:     WALLACE, LEE, and BUMATAY, Circuit Judges.

Heriberto Antonio Mendoza-Menjivar, Ana Marisela Paredes de Mendoza,

and their minor daughter, natives and citizens of El Salvador, petition pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing their

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

appeal from an immigration judge's decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence the BIA's factual findings. *Id*. at 1241. We deny the petition for review.

The BIA did not err in concluding that petitioners failed to establish the cognizability of their particular social group of "business owners or distributors in El Salvador." *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Nguyen v. Barr*, 983 F.3d 1099, 1103 (9th Cir. 2020) ("The particularity element requires characteristics that provide a clear benchmark for determining who falls within the group," and "[t]he group must also be discrete and have definable boundaries—it must not be amorphous, overbroad, diffuse, or subjective." (internal quotation marks and citations omitted)).

Substantial evidence supports the BIA's determination that petitioners failed to establish they were or would be persecuted on account of their membership in the proposed particular social groups of "Mendoza-Menjivar family group," or "landowners or property owners," or any other protected ground. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1143 (9th Cir. 2021) ("The applicant must demonstrate a nexus between her past or feared harm and a protected ground.") (citation omitted).

Thus, their asylum claims fail. Because petitioners failed to establish any nexus to a protected ground, they also failed to satisfy the standard for withholding of removal. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017).

Substantial evidence also supports the BIA's denial of CAT protection because petitioners failed to show it is more likely than not they will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) ("torture must be 'inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity'" (internal citation omitted)).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**